HARRIS, Judge.
Appellant, James E. Meeks, was indicted by the Montgomery County Grand Jury for felony possession of drugs. At his arraignment on December 8,1981, appellant pleaded not guilty and not guilty by reason of insanity. A motion to suppress was filed on December 15, 1981, which was later denied. After waiving his right to a jury trial on January 25, 1982, appellant’s case was submitted to the trial court, and he was thereupon adjudged guilty. He was sentenced to five years in the state penitentiary.
This case arises out of the same set of facts found in Meeks v. State, 434 So.2d 843 (Ala.Cr.App.1982), and Meeks v. State, 434 So.2d 836 (Ala.Cr.App.1982), two companion cases, which were reversed by the Supreme Court of Alabama in Meeks v. State, 434 So.2d 844 (Ala.1983).
The evidence stipulated to by the parties established that, on August 13,1981, at 6:45 a.m., James Meeks was taken into custody *1373 at the Paradise Motel in Montgomery County on Troy Highway in Room 26 or 27 by two unidentified police officers in the Vice and Narcotics Division of the Montgomery Police Department. The unknown officers knocked on the door, kicked the door in, handcuffed Meeks, and did not give him his Miranda rights. They had no permission to enter the motel rooms by the manager of the motel or by Meeks. They had no arrest warrant and Meeks was involuntarily taken downtown to talk with Lieutenant Green, the head of the Narcotics Division.
At police headquarters, Meeks signed a departmental rights form at 9:00 a.m. Officer R.H. Davis testified at the suppression hearing that he advised Meeks he was being investigated for the Carter Hill Drug Store robbery, and Meeks consented to a lineup. Meeks testified he was refused an attorney and forced into a lineup.
Meeks was identified in the lineup as the person who robbed Carter Hill Drug Store in Montgomery, Alabama, and Cook’s Drugstore in Millbrook, Alabama.
After the lineup, Meeks signed another standard waiver of rights form at 12:30 p.m. in the presence of Officers T.H. Roper and Roy Houlton. According to them, Meeks stated that he had been involved in some robberies, but not according to the information they had.
After Meeks was taken into custody, a search warrant was obtained and executed in Rooms 26 and 27 of the Paradise Motel. In the room in a brown paper bag various controlled substances were found for which Meeks was indicted.
Appellant contends that the trial court erred in denying his motion to suppress the controlled substances found in his motel room, since said substances were obtained as a result of his illegal arrest and subsequent invalid search warrant. Appellant argues that the search warrant authorizing the search of his motel room was invalid since its issuance was based on evidence illegally obtained from his illegal warrant-less arrest.
We note that in the companion cases cited above, our Supreme Court held that appellant’s initial arrest for suspicion of robbery was illegal since the State failed in its burden of proving probable cause to make an arrest.
This case is reversed and remanded on authority of the opinion of the Supreme Court of Alabama in Meeks v. State, 434 So.2d 844 (Ala.1983); Taylor v. Alabama, 457 U.S 687, 102 S.Ct. 2664, 73 L.Ed.2d 314; Dunaway v. New York, 442 U.S. 200, 99 S.Ct. 2248, 60 L.Ed.2d 824; Brown v. Illinois, 422 U.S. 590, 95 S.Ct. 2254, 45 L.Ed.2d 416.
REVERSED AND REMANDED.
All the Judges concur.